AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, LOCAL 1533, et al., Plaintiffs,

v.

Richard B. CHENEY, Secretary of Department of Defense, et al., Defendants.

NATIONAL FEDERATION OF FEDERAL EMPLOYEES, et al., Plaintiffs,

v.

H. Lawrence GARRETT, Secretary of the Navy, et al., Defendants.

METAL TRADES DEPARTMENT, et al., Plaintiffs,

v.

H. Lawrence GARRETT, Secretary of the Navy, et al., Defendants.

Nos. C88–3823–DLJ, C89–4112 and C89–4443.

United States District Court, N.D. California.

Sept. 5, 1990.

Anne Wagner of the AFGE Gen. Counsel's Office, Washington, D.C., and Michael

Rubin of Altshuler & Berzon, San Francisco, Cal., for plaintiff American Federation of Government Employees ("AFGE").

Jeffrey Sumberg, Staff Atty., Washington, D.C., for plaintiff Nat. Federation of Federal Employees ("NFFE").

David Rosenfeld of Van Bourg, Weinberg, Roger & Rosenfeld, San Francisco, Cal., and Beth A. Jacobson of O'Donoghue & O'Donoghue, Washington, D.C., for plaintiff Metal Trades Dept. AFL-CIO ("Metal Trades").

David Rosenfeld of Van Bourg, Weinberg, Roger & Rosenfeld, San Francisco, Cal., for intervenor United Ass'n of Plumbers & Pipe Fitters, Local 127.

Asst. U.S. Atty. Shawn B. Jensen and Captain Ray Lee of the Office of Civilian Personnel Management, Arlington, Va., for all defendants.

James E. Eggleston, San Francisco, Cal., and Julia L. Akins of Silver Spring, Md., for the Intern. Federation of Professional and Technical Engineers ("IFPTE") on its application to intervene as a plaintiff.

## ORDER FOR ENTRY OF JUDGMENT

JENSEN, District Judge.

On March 15, 1990 this Court entered its Order Regarding Cross-Motions for Preliminary Injunction and for Summary Judgment, (the "March 15 Order"), which addressed the Department of the Navy's Drug-Free Workplace Program drug testing plan for civilian employees. Among other things, in the March 15 Order found "that automatic [random] testing designation for holders of top secret clearances with access [to top secret information] must be held constitutional as a matter of law." March 15 Order at 23. Based on this finding, the Court granted Defendants' motion for summary judgment regarding holders of top secret clearances with access, so-called "TSA's," and lifted its prior stay as to the same group.

On May 14, 1990 intervenors International Federation of Professional and Technical Engineers (IFPTE) filed a Notice of Appeal before the Ninth Circuit Court of Appeals indicating its intent to immediately appeal the portion of the March 15 Order granting summary judgment regarding the TSA's despite the continued pendency of claims before this Court regarding Defendants' drug testing program as it affected other workers in other settings.

IFPTE now concedes that its Notice of Appeal was premature, and seeks to cure its premature appeal by petitioning for entry of final judgment regarding the TSA's under Rule 54(b) of the Federal Rules of Civil Procedure.[1] For the reasons described below, the Court granted IFPTE's application for entry of judgment under Rule 54.

 Under Rule 54(b), the trial court has discretionary power to enter final judgment and facilitate appeal regarding particular claims or parties where the affected claims or parties are "substantially different" from the claims and parties that remain pending, and where such entry of judgment will not create undue prejudice. *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 9–10, 100 S.Ct. 1460, 1465–66, 64 L.Ed.2d 1 (1980). In the Ninth Circuit, the trial court retains the power to enter final judgment under Rule 54 even after a premature Notice of Appeal has been filed where no parties have been prejudiced by the prematurely filed Notice. *Aguirre v. S.S. Sohio Intrepid*, 801 F.2d 1185, 1189 (9th Cir.1986); *Freeman v. Hittle*, 747 F.2d 1299, 1301–02 (9th Cir.1985).

**1.** Rule 54(b) provides: "When more than one claim is presented in an action ... or when multiple parties are involved, the court may direct entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction any order or other form of decision, however designated, which adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

This Court's prior summary judgment regarding the TSA's meets all three of these requirements. First, the claims of the TSA's are "substantially different" from the claims asserted by the plaintiffs who remain pending before the Court. TSA's have clearance to handle, and access to, top secret materials. As the Court has previously discussed at length, this renders the claims of TSA's substantially different from the claims which remain pending. March 15 Order at 21–23.

Moreover, Defendants, in opposing the IFPTE's application, have not shown that entry of final judgment under Rule 54 would place prejudicial burdens on the Defendants sufficient to bar an immediate appeal. Defendants argue that if the IFPTE's application is granted they will be faced with "fragmented" litigation that will put it in the difficult position of having to prepare and implement a drug testing program that will simultaneously meet the requirements imposed by the Ninth Circuit and this Court. Defendants' Opposition to Motion For Order Pursuant to Rule 54(b) at 5, 9. This argument is implausible for two reasons.

First, in granting summary judgment, this Court has offered its final analysis regarding the TSA's, and there is no possibility that Defendants will be subject later to the burden of conflicting and changing orders simultaneously emanating from two judicial sources.

Second, any revisions or limitations on Defendants drug testing program imposed by the Ninth Circuit can not be prejudicial since Defendants will have to meet these requirements sooner or later anyway. Indeed, immediate appeal will allow Defendants to *avoid* costs by incorporating the views of the Ninth Circuit into the present revisionary process.

For the foregoing reasons, IFPTE's Application for Order Pursuant to Rule 54(b) is GRANTED, and the decision granting summary judgment for Defendants in the Order Regarding Cross–Motions for Preliminary Injunction and for Summary Judgment, *American Federation of Government Employees, Local 1533, et al. v. Che-*ney et al., *National Federation of Federal Employees, et al. v. Garett, et al.,* and *Metal Trades Department et al. v. Garett, et al.,* C–88–3323, C–89–4112, C–89–4433 [Consolidated] (N.D.Cal. March 15, 1990), regarding Defendants' drug testing of Department of Navy employees with security clearance of "top secret with access" shall be entered as final judgment.

IT IS SO ORDERED.